TIMOTHY L. REED CA Bar No. 258034
timothy.reed@ogletree.com
SHANNON R. CLAWSON CA Bar No. 273699
shannon.clawson@ogletree.com
MARC A. KOONIN, CA Bar No. 166210
marc.koonin@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:  415-442-4810
Facsimile:   415-442-4870

Attorneys for Defendants STRATEGIC CAMPAIGN SOURCING LLC and PERFECTED CLAIMS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG KIM, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>STRATEGIC CAMPAIGN SOURCING LLC, a California limited liability company; PERFECTED CLAIMS LLC, a U.S. Virgin Island limited liability company; CHRISTIAN ARCHER, an individual; WILLIAM SAMSON, an individual; and DOES 1-10, inclusive<br><br>    Defendants. | Case No.<br><br>**DEFENDANTS STRATEGIC CAMPAIGN SOURCING LLC AND PERFECTED CLAIMS LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[*Filed concurrently with Civil Cover Sheet; Declarations of Marc A. Koonin and Michael Bernard; Disclosure Statement and Notice of Interested Parties; and Notice of Related Cases*]<br><br>Los Angeles Superior Court Case No. 24STCV12567<br><br>Complaint filed: May 17, 2024 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO THE PLAINTIFF SUNG KIM AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Strategic Campaign Sourcing LLC ("SCS") and Perfected Claims LLC ("Perfected") (collectively, "Defendants"), by and through the undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that there is complete diversity of citizenship between Plaintiff Sung Kim ("Plaintiff"), a citizen of the state of California, and Defendants who are citizens of the Virgin Islands; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. Section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below.  In support of such removal, Defendants state as follows:

**I.    THE STATE COURT ACTION.**

This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed by Defendants pursuant to 28 U.S.C. § 1441.  This is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states insofar as Plaintiff is a citizen of the state of California and Defendants are citizens of different states.

On May 17, 2024, Plaintiff Sung Kim filed a Complaint in the Superior Court of the State of California, County of Los Angeles.  Attached hereto as **Exhibit A** is a true and correct copies of the Summons, Complaint, Civil Cover Sheet and case management documents.  (Declaration of Marc A. Koonin in Support of Defendant's Notice of Removal ["Koonin Decl."], ¶ 2, ¶3, Exh. A.)

///

The Complaint alleges the following causes of action: (1) Race Discrimination in Violation of Cal. Gov't Code § 12940(a); (2) Gender Discrimination in Violation of Cal. Gov't Code § 12940(a); (3) Age Discrimination in Violation of Cal. Gov't. Code § 12940(a); (4) Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of Cal. Gov't Code §§ 12940(J), (K); (5) Retaliation in Violation of Cal. Labor Code § 98.6(k); (6) Retaliation in Violation of Cal. Labor Code § 1102.5; (7) Wrongful Termination in Violation of Public Policy; (8) Willful Failure to Pay Wages, Failure To Pay Vacation Pay, and Waiting Time Penalties (Cal. Labor Code §§ 291-204, 210.218. 2273); (9) Failure to Furnish Accurate Wage Statements, Permit Inspection of Personnel and Payroll Records (Cal. Labor Code §§ 226(a)-(c), 226.3,432, 1198.5); and (10) Unfair Business Practices (in Violation of Cal. Bus. & Prof. Code § 17200 et seq.) (*See* Koonin Decl., **Exh. A**.)

Defendants were served with the Summons, Complaint, and case assignment documents on July 2, 2024. (Koonin Decl., ¶ 3.) Defendants have not been served with or received any additional process, pleadings, or orders in the Superior Court action. (*Id*., ¶ 4.)

Defendants understand that the individually named defendants, Christian Archer and William Samson, have not been served the Summons and Complaint in this Action.

Defendants filed an Answer with the Superior Court of California for the County of Los Angeles on July 31, 2024. (See Koonin Decl., ¶ 5, **Exh. B**.) Defendants have not filed any other pleadings or documents in the Superior Court action.

Defendants are also serving a copy of this Notice of Filing of Removal on Plaintiff's counsel and a notice will also be filed with the Superior Court of California for the County of Los Angeles. (See Koonin Decl., ¶ 6, **Exh. C**.)

/ / /

/ / /

/ / /

## II. **REMOVAL IS TIMELY.**

A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1). Here, the Summons and Complaint (and accompanying Civil Cover Sheet, case management conference notice, case assignment and case management documents), are the only pleadings served by Plaintiff in his matter. Service was effective of Defendants on or about July 2, 2024. (Koonin Decl., ¶ 3.) Defendants filed this notice within 30 days after service and less than one year after commencement in this action. Removal is therefore timely and proper pursuant to 28 U.S.C. § 1446(b), (c) and Rule 6 of the Federal Rules of Civil Procedure.

## III. **A PROPER BASIS EXISTS FOR REMOVAL BASED ON DIVERSITY OF CITIZENSHIP.**

### A. **The Citizenship Of The Parties Is Diverse.**

This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different "States." See 28 U.S.C. § 1332(a)(1). "The word States…includes the Territories . . . ." 28 U.S.C § 1332(e). The U.S. Virgin Islands is an "unincorporated territory of the United States of America." 48 U.S.C. § 1541; *JDS Realty Corp. v. Government of the Virgin Islands* 824 F.2d 256, 259 (3d Cir. 1987) (vacated and remanded on other grounds).

Diversity jurisdiction requires "complete diversity," meaning that the citizenship of each plaintiff is different from the citizenship of each defendant. *Weeping Hollow Ave. Trust v. Spencer* 831 F.3d 1110, 1113 (9th Cir. 2016).

#### 1. **Plaintiff Is A Citizen Of California.**

For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983*)*. A person's domicile is the place he resides with the intention to remain or to

which he intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001*); State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile).

Here, Plaintiff alleges in her Complaint, she "is a resident of the County of Los Angeles in the State of California." (Koonin Decl., **Exh. A**, Compl. ¶ 1.) Plaintiff is therefore a citizen of California. See *Ayala v. Cox Auto., Inc.* 2016 U.S.Dist.LEXIS 153617, at *9 (C.D. Cal. Nov. 4, 2016, No. CV 16-06341-GHK (ASx)) ("Plaintiff alleges that he 'is, and at all times mentioned in the Complaint was,' a California resident. This allegation gives rise to a presumption that Plaintiff is a California citizen.").

### 2. **Defendant Strategic Campaign Sourcing LLC Is Not a Citizen of California.**

The citizenship of an entity depends upon the form of the entity. *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). Limited liability companies are treated "like partnerships for purposes of diversity citizenship." *Ibid.* As such, a limited liability company "is a citizen of every state of which its owners/members are citizens." *3123 SMB, LLC v. Horn* 880 F.3d 461, 465 (9th Cir. 2018); *Johnson, supra,* 437 F.3d at 899.

In the case at bar, SCS is a limited liability company with only one member, William Samson. (Declaration of Michael Bernard in Support of Defendants' Notice of Removal ["Bernard Decl."], ¶¶ 1-3, 5.) Samson is a citizen of the U.S. Virgin Islands – a different "State" than California. (Bernard Decl., ¶¶ 1-2, 7); see also 28 U.S.C. § 1332(a); 48 U.S.C. § 1541. For purposes of diversity, SCS is therefore also a citizen of the U.S. Virgin Islands.

### 3. **Defendant Perfected Claims LLC Is Not a Citizen of California.**

Plaintiff alleges in her Complaint that Perfected Claims LLC "is a limited liability company formed in the U.S. Virgin Islands with a principal place of business

located at St. Thomas, 6115 Estate, Smith Bay Road Suite 320, 00802, U.S. Virgin Islands." (Koonin Decl., **Exh. A**, Compl. ¶ 3.)

Perfected is a limited liability company and has one member, Archer, who is a citizen of the U.S. Virgin Islands. (Bernard Decl., ¶¶ 1-3, 6.) For purposes of diversity, Perfected is therefore also a citizen of the U.S. Virgin Islands. *Johnson, supra,* 437 F.3d at 899.

### 4. Defendant Christian Archer Is Not A Citizen Of California.

Plaintiff alleges in her Complaint that "at all relevant times Defendant [Christian] Archer was a resident of Texas." (Koonin Decl., **Exh. A**, Compl. ¶ 4.) As discussed above, Archer is actually a citizen of the U. S. Virgin Islands, but even if he were a resident of Texas, this Court would still have original jurisdiction because Plaintiff and Archer are citizens of different states. See 28 U.S.C. § 1332(a)(1).

### 5. Defendant William Samson Is Not A Citizen Of California.

Plaintiff alleges in her Complaint that "at all relevant times Defendant [William] Samson was a resident of North Carolina." (Koonin Decl., **Exh. A**, Compl. ¶ 5.) Samson is actually a resident of the U.S. Virgin Islands. (Bernard Decl., ¶¶ 1, 2.) Either way, this Court has original jurisdiction because Plaintiff and Samson are citizens of different states.

### 6. The Court Must Disregard Doe Defendants for Diversity.

The Court must disregard the citizenship of fictitiously-named "Doe" defendants for the purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.* 157 F.3d 686 (9th Cir. 1998).

### B. The Amount In Controversy Exceeds The Sum of $75,000.

Defendants only need to establish by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional minimum. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson*

*v. Chrysler Corp.,* 261 F.3d 927, 931 (9th Cir. 2001), holding modified by *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546 (2005); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980-981(9th Cir. 2005); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998).  These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred.  *Simmons v. PCR Tech.* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); see also *Celestino v. Renal Advantage Inc.*  2007 U.S.Dist.LEXIS 33827, at *11 (N.D.Cal. Apr. 24, 2007, No. C 06-07788 JSW). ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

"[W]here the complaint leaves the amount in controversy unclear or ambiguous", then "a plaintiff who then tries to defeat removal must prove to a 'legal certainty' that a recovery of more than $75,000 is impossible." *Jackson v. Mercedes-Benz USA, LLC,* 2020 U.S.Dist.LEXIS 228379, at *3 (C.D. Cal. Dec. 2, 2020).

Based on Plaintiff's allegations in the Complaint, the amount in controversy in the instant case is more likely than not to exceed the sum of $75,000, as set forth more specifically below:[1]

### 1. **Economic Damages.**

Plaintiff seeks compensatory damages for the alleged loss of wages and other employment benefits. (Koonin Decl., **Exh. A**, Compl. ¶¶ 51, 61, 73, 81, 107, 138, Prayer for Relief A.)   Plaintiff also alleges that she was wrongfully terminated. (Koonin Decl., **Exh. A**, Compl. ¶¶ 1, 14, n. 1, 41-43, 67-68, 71, 97, 101-109.) Plaintiff initiated this action on May 17, 2024.  Based on data from the U.S. Courts of Appeals Federal Court Management Statistics accessible from the United States District Courts'

/ / /

---

[1] Defendants do not concede that Plaintiff is entitled to the amount of damages he seeks, or any damages at all.

official website, the median time from filing to trial in a civil matter pending in this court was 35.7 months as of June 2023.[2]

Calculating 35.7 months from the filing of this Complaint on May 17, 2024, a trial date would be in approximately April of 2027. The elapsed time between Plaintiff's termination of employment in or about October 2023 (Koonin Decl., Exh. A, Compl. ¶ 41 [Plaintiff alleges she was terminated October 4, 2024]) and a trial date in April 2027 is approximately 42.7 months. At the time of her separation of employment, Plaintiff alleges she earned a yearly salary of $120,000 ($10,000 per month. (Koonin Decl., **Exh. A**, Compl., ¶ 14 fn. 2.) Accordingly, the alleged economic damages for lost wages at the time of trial (exclusive of any claimed bonuses) would amount to approximately $357,000 ($10,000 per month x 35.7 months). This amount alone is sufficient to meet the jurisdictional minimum.

Moreover, in determining whether the jurisdictional minimum is met, the Court must consider all recoverable damages claimed at the time of the removal, specifically including any future loss of wages. *Chavez v. JPMorgan Chase*, 888 F.3d 413, 418 (9th Cir. 2018); *Jackson v. Federal Express Corporation*, Case No. 2:24-cv-00169-SVW-KS, 2024 WL 3251617, at *4 (C.D. Cal. July 1, 2024). Plaintiff expressly seeks such damages here, characterized both as lost future wages and front pay. (Koonin Decl., **Exh. A**, Compl., ¶¶ 51, 81, 90, 98, 107, Prayer for Relief A.) Even considering an extremely conservative estimate of one year of lost future wages, the resulting $120,000 in claimed damages meets the jurisdictional minimum requirement.

**2.    Emotional Distress.**

Plaintiff also alleges she suffered from emotional distress, mental anguish, humiliation, and anxiety, and seeks compensatory damages. (Koonin Decl., **Exh. A**,

---

[2] The URL for the webpage at which the caseload data has been published is https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf

Compl., ¶¶ 62, 74, 82, 108.) While Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of [P]laintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co*. 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy). Emotional distress damages can be substantial, and Plaintiff put at issue an amount exceeding $75,000. See *Campbell v. AMTRAK* (N.D. Cal. 2010) 718 F. Supp. 2d 1093, 1096 (awarding $120,000 in non-economic damages in a retaliation/wrongful termination case); *Davis v. Prison Health Servs.* (N.D.Cal. Sep. 25, 2012, No. C 09-2629 SI) 2012 U.S.Dist.LEXIS 138556, at *7 (awarding $200,000 in non-economic damages).

### 3. Statutory and Civil Penalties.

Plaintiff also seeks to collect a number of civil and statutory penalties from the Defendants. (See Koonin Decl., **Exh. A**, Compl., ¶¶ 90 ($10,000 penalty demanded), 98 ($10,000 penalty demanded), 112-113, 115, 117, 123, 129, Prayer for Relief C. A violation of Labor section 226.8 alone carries a maximum penalty of $25,000. Cal. Lab. Code § 226.8(c). This specifically includes a claim for 30 days of waiting time penalties pursuant to California Labor Code Section 203 ("Section 203") based on an alleged failure to pay Plaintiff the full amount of her wages on her last day of employment. (See Koonin Decl., **Exh. A**, Compl. ¶¶ 44, 112-113, and 116-117.) Cumulatively, these penalties could be substantial and may meet the jurisdictional threshold of $75,000. *Gibson v. Chrysler Corp., supra,* 261 F.3d at 931.

Section 203 penalties "accrue not only on the days that the employee might have worked, but also on non-work days," for up to 30 days, and the accrual of these penalties "has nothing to do with the number of days an employee works during the month." *Mamika v. Barca*, 68 Cal.App. 4th 487, 492-93 (1998). As the "targeted wrong" addressed by Section 203 is "the delay in payment" of wages, that wrong "continues so long as payment is not made." (*Id*. at 493.) Therefore, "[a] proper

reading of section 203 mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." (*Id.* at 493.)

Plaintiff's Section 203 claim is not premised only on the theory that Defendants failed to timely deliver final paychecks to her; rather, Plaintiff contends that Defendants owe penalties at least in part as a result of their purported failure to pay all wages due and owing during Plaintiff's employment. (Koonin Decl., **Exh. A**, Compl. ¶¶ 44, 112-113, and 116-117.) In light of that fact, and because Plaintiff expressly seeks waiting time penalties for the 30-day maximum, it is clear that Plaintiff's theory is essentially that such alleged unpaid wages still have not been paid to her. It is, therefore, reasonable to calculate the amount in controversy for this claim based on a 30-day penalty calculated at her daily wage rate. *See Quitana v. Claire's Stores, Inc.*, No. 13-0368-PSG, 2013 WL 1736671, at *6 (N.D. Cal. Apr. 22, 2013); *Stevenson v. Dollar Tree Stores, Inc.*, No CIV S-11-1433 KJM, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011).

Calculation of Plaintiff's claim for waiting time penalties for failure to timely pay all wages upon termination results is exposure of at least **$ 13,846.20** ($120,000 ÷ 52 workweeks = 2,307.69 ÷ 40 hours = $57.69 x 8 hours = $461.54 (rounded up) x 30 days). This calculation of the amount in controversy is based on a conservative calculation that a "day" for the purpose of waiting time penalties is based on Plaintiff's salary only, excluding any bonuses or other incentive pay which might affect her regular rate of pay. Accordingly, when combined with her other claims, Plaintiff seeks **at least** $58,846.20 in cumulative penalties.

### 4. Punitive Damages.

Plaintiff seeks punitive damages. (Koonin Decl., **Exh. A**, Compl., ¶¶ 63, 75, 84, 92, 100, 109, Prayer for Relief D.) For the purposes of removal, the amount in controversy may include punitive damages. *Gibson v. Chrysler Corp.*, supra, 261 F.3d at 945 ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Romo v. FFG Ins. Co.* (C.D. Cal. 2005) 397 F. Supp.

2d 1237, 1240 (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction). Punitive damages may be substantial and in some cases even exceed the amount in controversy. See, e.g., *Chopourian v. Catholic Healthcare West* (E.D. Cal. Apr. 30, 2012, No. CIV S-09-2972 KJM KJN) 2012 U.S.Dist.LEXIS 60327 (entering judgment for $56,250,000 in punitive damages for employment-related claims, including wrongful termination and retaliation).[3]

### 5. **Attorney's Fees.**

Plaintiff also claims she is entitled to attorney's fees. (Koonin Decl., **Exh. A**, Compl., ¶¶ 63, 74, 90, 98, 118, 129, and Prayer for Relief F.) "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002); see also *Stokes v. Reeves*, 245 F.2d 700, 702 (9th Cir. 1957). In this case, the entitlement to attorney's fees are set forth by statute under the Labor Code. By way of example, attorney's fees are pled in the complaint under Labor Code sections 218.5, 226, and 1102.5. (Koonin Decl., **Exh. A**, Compl. ¶¶ 98, 118, 129.) It is therefore reasonable to expect that the amount in controversy has been met, or will be met, in "prosecuting or defending [this] case to resolution." *Brady v. Mercedes-Benz, USA, Inc., supra,* 243 F. Supp. 2d at 1011.

## IV. <u>SATISFACTION OF PROCEDURAL REQUIREMENTS</u>

As required by 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles is located within the Central District of California. See 28 U.S.C. §§ 84, 1441(a).

---

[3] Later vacated pursuant to joint motion for order vacating pursuant to settlement. *Chopourian v. Catholic Healthcare W.*, 2012 U.S.Dist.LEXIS 172797, at *1 (E.D.Cal. Dec. 4, 2012, No. 2:09-CV-02972-KJM-KJN).

In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the following Exhibits A and B to the Declaration of Marc A. Koonin, which contain copies of all process, pleadings, and orders served upon Plaintiff, Defendants, or the Court.

As required by 28 U.S.C. § 1446(b), the original Notice of Removal was filed within 30 days after service of the Complaint was effectuated.

As required by 28 U.S.C. § 1446(d), Defendants provided notice of this removal to Plaintiff through her counsel of record.

As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, Defendants STRATEGIC CAMPAIGN SOURCING LLC and PERFECTED CLAIMS LLC request that the above action now pending in the Superior Court of California, County of Los Angeles, be removed to this Court. In the event the Court has a question regarding the propriety of this Notice of Removal, Defendants respectfully request that the Court issue an Order to Show Cause so that Defendants may have an opportunity to supplement with a more detailed brief outlining the basis for removal.

DATED: August 1, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Marc A. Koonin*
Timothy L. Reed
Shannon R. Clawson
Marc A. Koonin

Attorneys for Defendants STRATEGIC CAMPAIGN SOURCING LLC and PERFECTED CLAIMS LLC