1  Timothy L. Reed, CA Bar No. 258034
   timothy.reed@ogletree.com
2  Shannon R. Clawson, CA Bar No. 273699
   shannon.clawson@ogletree.com
3  Katherine A. Manuel, CA Bar No. 340838
   katherine.manuel@ogletree.com
4  Marc A. Koonin, CA Bar No. 166210
   marc.koonin@ogletree.com
5  Wilfred Gual, CA Bar No. 340571
   wilfred.gual@ogletree.com
6  **OGLETREE, DEAKINS, NASH,**
   **SMOAK & STEWART, P.C.**
7  One Embarcadero Center, Suite 900
   San Francisco, CA  94111
8  Telephone:  415-442-4810
   Facsimile:   415-442-4870
9
   Attorneys for Defendants
10 STRATEGIC CAMPAIGN SOURCING LLC,
   PERFECTED CLAIMS LLC, CHRISTIAN ARCHER,
11 and WILLIAM SAMSON

12 *(Counsel continued on next page.)*

13

14                  **UNITED STATES DISTRICT COURT**

15                  **CENTRAL DISTRICT OF CALIFORNIA**

16

17 SUNG KIM, an individual,                    Case No. 2:24-cv-06494 MWF (PDx)

18             Plaintiff,                       **STIPULATED PROTECTIVE**
                                                **ORDER**
19        v.
                                                **(PD VERSION)**
20 STRATEGIC CAMPAIGN SOURCING
   LLC, a California limited liability          ☐ **CHECK IF SUBMITTED**
21 company; PERFECTED CLAIMS LLC,               **WITHOUT MATERIAL**
   a U.S. Virgin Island limited liability      **MODIFICATIONS TO PD FORM**
22 company; CHRISTIAN ARCHER, an
   individual; WILLIAM SAMSON, an              Complaint Filed:   May 17, 2024
23 individual; and DOES 1-10, inclusive,       Removed:           August 1, 2024

24             Defendants.

25

26

27

28

STIPULATED PROTECTIVE ORDER

Elliot J. Siegal, CA Bar No. 286798
elliot@kingsiegel.com
Julian Burns King, CA Bar No. 298617
julian@kingsiegel.com
**KING & SIEGEL LLP**
724 S. Spring Street, Suite 201
Los Angeles, California 90014
Tel:   213-465-4802
Fax:   213-456-4803

Michael Y. Yadegaran, CA Bar No. 309669
michael@avenue.law
**AVENUE LAW APC**
401 Wilshire Boulevard, 12th Floor
Santa Monica, CA 90401
Tel:   310-882-79060
Fax:   310-882-7962

Attorneys for Plaintiff

SUNG KIM

STIPULATED PROTECTIVE ORDER

1. <u>INTRODUCTION</u>

 1.1 <u>PURPOSES AND LIMITATIONS</u>

 Disclosures and discovery in this Action and the Associated Cases is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order").  The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

 1.2 <u>GOOD CAUSE STATEMENT</u>

 Defendants Perfected Claims LLC and Strategic Campaign Sourcing LLC provide support services relating to mass tort actions, facilitating mass tort case acquisition and management. Among other things, that involves meeting with mass tort victims to collect personal information, including medical information, to facilitate their representation by a plaintiff-side mass tort law firm and process their claims.

 Strategic Campaign Sourcing LLC previously employed Plaintiff Sung Kim as its Director of Financial Operations.  Plaintiff alleges claims relating to the termination of her employment, including whistleblower claims alleging that she opposed allegedly unlawful payroll practices relating to the alleged misclassification of other Non-Party employees as exempt from overtime payment requirements.

Defendants contend that Strategic Campaign Sourcing LLC laid Plaintiff off as part of a reduction-in-force triggered by extreme financial distress.  As discussed in more detail below, Plaintiff's attorneys also represent other plaintiffs suing the same defendants with overlapping factual and legal theories in several Associated Cases.

Based on these facts and the legal theories of this Action, discovery is likely to include sensitive confidential information and documents entitled to legal protection, including but not limited to: (1) employee personnel files, including those of Non-Party employees; (2) employee payroll records, including those of Non-Party employees; (3) confidential financial documents of the Defendants, including documents substantiating the circumstances of the reduction-in-force; (4) documents reflecting the private personal information for Non-Party mass tort victims; (5) Defendants Perfected Claims LLC and Strategic Campaign Sourcing LLC's sensitive business information, potentially including trade secrets and/or other technical and/or proprietary information which could be used by competitors.

Plaintiffs' attorneys also represent the plaintiffs suing the Defendants in the Associated Cases, and each of the Related Actions depends on overlapping allegations relating to the misclassification of employees.  Both this Action and the Watkins Case allege gender, race, and age-based discrimination as well as violation of whistleblower statutes relating to allegedly similar disclosures by the two named plaintiffs.  All three of the Related Actions also allege certain overlapping wage and hour claims.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that nothing will be so designated without a good faith

1  belief that it is entitled to confidential treatment under existing law and there is good

2  cause why it should not be part of the public record of this case.

3       1.3    <u>APPLICATION OF THIS PROTECTIVE ORDER TO</u>

4              <u>CONFIDENTIAL MATERIALS IN ALL RELATED ACTIONS</u>

5       The Parties anticipate that some of the documents and information produced in

6  any of the Related Actions will be relevant to and used by the Parties in the other

7  Related Actions, and that the Parties may designate certain documents and/or other

8  information as being produced or disclosed for use in several or all of the Related

9  Actions. Accordingly, to the extent that any documents, discovery responses

10 (including deposition transcripts) and/or other information are produced in discovery

11 and designated as qualifying for protection as a form of confidential information

12 under any applicable protective order in any of the Associated Cases, such materials

13 are also entitled to protections as Protected Material in this Action.  This does not,

14 however, relieve any Party or Non-Party covered by an applicable protective order

15 issued in the Associated Cases from obeying the relevant terms of such an order

16 relevant to the Associated Cases.

17      For example, a document designated as containing "Confidential Information"

18 subject to protection under this Protective Order and a protective order in the

19 Associated Cases could only be filed in each respective court consistent with the

20 terms of the relevant protective order. To the extent that any provision of a protective

21 order issued in the Associated Cases contradicts or is inconsistent with a requirement

22 of this Protective Order, the Parties shall follow the terms of this Protective Order in

23 motions, hearings, and discovery or other similar proceedings in the Action, and shall

24 follow the terms of the protective order issued in the Associated Cases in motions,

25 hearings, and discovery or other similar proceedings in the Associated Cases.

26   2.  <u>DEFINITIONS</u>

27       2.1    <u>Action</u>: The "Action" is this civil action as reflected in the

28 Complaint, captioned *Sung Kim v. Strategic Campaign Sourcing LLC, et al*,

originally filed in the Superior Court of California, County of Los Angeles, Civil

Case Number 24STCV12567, and removed to the United States District Court

Central District of California on August 1, 2024, Case No. 2:24-cv-06494 MWF

(PDx).

2.2     Associated Cases: The "Associated Cases" are the Hernandez

Case and the Watkins Case.

2.3     Challenging Party:  a Party or Non-Party that challenges the

designation of information or items under this Protective Order.

2.4     "CONFIDENTIAL" Information or Items:  information

(regardless of how it is generated, stored, or maintained) or tangible things that

qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified

above in the Good Cause Statement and Statement of Need for Overlapping

Protective Orders and Application of this Protective Order to Confidential

Information or Items in the Associated Cases.

2.5     Counsel: Outside Counsel of Record and House Counsel (as well

as their support staff).

2.6     Designating Party:  a Party or Non-Party that designates

information or items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL."

2.7     Disclosure or Discovery Material:  all items or information,

regardless of the medium or manner in which it is generated, stored, or maintained

(including, among other things, testimony, transcripts, and tangible things), that are

produced or generated in disclosures or responses to discovery, including third-party

discovery, in this matter.

2.8     Expert:  a person with specialized knowledge or experience in a

matter pertinent to the litigation who has been retained by a Party or its counsel to

serve as an expert witness or as a consultant in this Action.

//

2.9    Hernandez Case:  The "Hernandez Case" is United States District Court for the Northern District of California Case No. Case No. 3:24-cv-04662-TLT, in which the Complaint is captioned *Hernandez v. Strategic Campaign Sourcing LLC, et al*.

2.10    House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party. Outside Counsel also includes support staff and contractors.

2.13    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

//

2.18    <u>Related Actions</u>: The "Related Actions" are this Action and the Associated Cases.

2.19    <u>Watkins Case</u>: The "Watkins Case" is United States District Court for the Northern District of California Case No. 3:24-cv-04663-AMO, in which the Complaint is captioned *Watkins v. Strategic Campaign Sourcing LLC, et al.*

3.    <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Protective Order does not govern the use of Protected Material at Trial.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate

for protection only those parts of material, documents, items, or oral or written

communications that qualify – so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Protective Order.  Mass, indiscriminate, or

routinized designations are prohibited. Designations that are shown to be clearly

unjustified or that have been made for an improper purpose (e.g., to unnecessarily

encumber the case development process or to impose unnecessary expenses and

burdens on other Parties) may expose the Designating Party to sanctions. If it comes

to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection, that Designating Party must promptly notify

all other Parties that it is withdrawing the inapplicable designation.

       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise

provided in this Protective Order (see, e.g., second section of Section 5.2(a) below),

or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies

for protection under this Protective Order must be clearly so designated before the

material is disclosed or produced.

       Designation in conformity with this Protective Order requires:

          (a)   for information in documentary form (e.g., paper or

electronic documents, but excluding transcripts of depositions or other pretrial

proceedings), that the Producing Party affix at a minimum, the legend

"CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

contains protected material. If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected

portion(s) (e.g., by making appropriate markings in the margins).  To the extent that it

is impractical to affix a legend to each page of a document produced in electronic

format only, the Producing Party may indicate that the files is CONFIDENTIAL by

adding the term "CONFIDENTIAL" to the file name and/or by designating the

electronic folder in which it is produced as "CONFIDENTIAL" in its file name,

and/or by providing an accompanying cover letter specifically identifying (by control number if appropriate) and designating the electronic documents as CONFIDENTIAL.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial proceedings, that the Designating Party identify those portions of the testimony that are appropriately designated for protection either on the record or within 30 days after the testimony is provided.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been

designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

(d)     A Party may also designate as "Confidential Information" documents or discovery materials produced by a Non-Party (such as in response to a subpoena) by providing written notice to all Parties (and any effected Non-Parties) of the relevant document numbers or other identification within 30 days after receiving such documents or discovery materials.

(e)     Any Party or Non-Party may voluntarily disclose to others without restriction any information designated by that Party or Non-Party only as Protected Material, although a document may lose its confidential status if it is made public.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.       <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

      6.2     <u>Meet and Confer</u>. The Challenging Party will initiate the dispute resolution process (and if necessary, file a discovery motion) under Civil Local Rule 37-1 *et seq*.

      6.3     The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

      6.4     <u>Reservation of Right to Petition for Modification</u>. Consistent with Section 12.1, nothing in this Protective Order abridges the right of any person to seek an order from the Court modifying its term, specifically including with regard to which party has the burden of bringing any motion regarding a challenge to a confidentiality designation.

7.       <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with the Related Actions (including this Action) only for prosecuting, defending, or attempting to settle the Related Actions (including this Action). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following persons in any of the Related Actions:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    to the extent they are not otherwise covered by a provision of this Protective Order, during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto;

and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(j)    any other person with the written authorization of the Designating Party, including any authorization made on the record at a deposition or hearing.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation outside of the Related Actions that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification will include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the

subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Protective Order are applicable to information produced by a Non-Party in this any of the Related Cases (including this Action) and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to

the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL AND CLAWBACK PROVISION

11.1    No Waiver of Privilege. Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production of attorney-client privileged, work product protected, or otherwise privileged information or documents, including but not limited to electronically stored information ("ESI"), is not a waiver of the attorney-client privilege or work product doctrine protection or any other privilege in this Action or in any other proceeding in state, territorial, and/or federal court, including but not limited to the Associated Cases. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and any other applicable law. This protection against the waiver of privileges shall apply irrespective of the care taken by the Parties prior to production and factors provided in Federal Rule of Evidence 502(b) provided that the production is inadvertent. This Protective Order shall be enforceable and granted full faith and credit in all other

state, territorial, and federal proceedings. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

11.2 <u>Notification of Receipt and Treatment of Apparently Privileged Information</u>. If the Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the Producing Party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the Producing Party of the information.

11.3 <u>Clawback Provision</u>. A Producing Party must give written notice to any Receiving Party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "Clawback Request") promptly after discovery. Upon receiving a Clawback Request, Receiving Party or Receiving Parties shall destroy promptly all copies of the documents or information referred to and notify the Producing Party or person that it has done so.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material

1  under seal is denied by the court, then the Receiving Party may file the information in

2  the public record unless otherwise instructed by the court.

3      13.    <u>FINAL DISPOSITION</u>

4      13.1    After the final disposition of each of the Related Actions, as defined in

5  Section 4 (DURATION), within 60 days of a written request by the Designating

6  Party, each Receiving Party must return all Protected Material to the Producing Party

7  or destroy such material.  As used in this subdivision, "all Protected Material"

8  includes all copies, abstracts, compilations, summaries, and any other format

9  reproducing or capturing any of the Protected Material.  Whether the Protected

10  Material is returned or destroyed, the Receiving Party must submit a written

11  certification to the Producing Party (and, if not the same person or entity, to the

12  Designating Party) by the 60 day deadline that (1) identifies (by category, where

13  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

14  that the Receiving Party has not retained any copies, abstracts, compilations,

15  summaries or any other format reproducing or capturing any of the Protected

16  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

17  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

18  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

19  work product, and consultant and expert work product, even if such materials contain

20  Protected Material.  Any such archival copies that contain or constitute Protected

21  Material remain subject to this Protective Order as set forth in Section 4

22  (DURATION).

23      13.2    Similarly, vendors, consultants and/or expert witnesses who are required

24  to maintain any Protected Material they have received in one or more Related

25  Actions due to legal, ethical and/or professional standards requirements (including

26  standards imposed by insurers or regulators) may do so on the condition that any such

27  retained Protected Material shall remain subject to this Protective Order as set forth

28  in Section 4 (DURATION). Finally, court reporters and/or videographers as well as

mediators and other alternative dispute resolution providers (as well as their employers, if any), may maintain copies or originals of any Protected Material they have received in one or more of the Related Actions consistent with their regular business practices on the condition that any such retained Protected Material shall remain subject to this Protective Order as set forth in Section 4 (DURATION).

13.3    Any person who, consistent with this Section 13, retains Protected Material after the disposition of one or more Related Actions shall, consistent with Section 8, provide notice to the Designating Party of any effort to request, subpoena, or order production of Protected Material, and shall ensure the destruction of any retained Protected Material if and when it eventually destroys his, her, or its related files.

14.    Any willful violation of this Protective Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court. IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 4, 2024          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: _____
       Timothy L. Reed
       Shannon R. Clawson
       Katherine A. Manuel
       Marc A. Koonin
       Wilfred Gual

       Attorneys for Defendants
       STRATEGIC CAMPAIGN SOURCING LLC, PERFECTED CLAIMS LLC, CHRISTIAN ARCHER, and WILLIAM SAMSON

DATED: October 31, 2024          KING & SIEGEL LLP


By: *Elliot Siegel*
      Elliot J. Siegel

Attorneys for Plaintiff SUNG KIM


DATED: October 31, 2024          AVENUE LAW APC


By:
      Michael Y. Yadegaran

Attorneys for Plaintiff SUNG KIM

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: November 5, 2024

HON. PATRICIA DONAHUE
United States Magistrate Judge

EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order

("Protective Order") issued by the United States District Court for the Central

District of California in the case of *Sung Kim v. Strategic Campaign Sourcing LLC,*

*et al.*, Case No. 2:24-cv-06494 MWF (PDx). I agree to comply with and to be bound

by all the terms of this Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Protective Order to any person or entity except in strict

compliance with the provisions of this Protective Order.

     I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action. I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____